UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEE MOORE,

       Petitioner,

                              CASE NO. 2:08-CV-12127
v.                           JUDGE VICTORIA A. ROBERTS
                              MAGISTRATE JUDGE PAUL KOMIVES

CAROL HOWES,

       Respondent.
_____/

**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #8) and PETITIONER'S MOTION FOR EQUITABLE TOLLING (docket #3)**

I.      RECOMMENDATION: The Court should deny both respondent's motion for summary judgment and petitioner's motion for equitable tolling. If the Court accepts this recommendation, the Court should order respondent to file an answer addressing the merits of petitioner's habeas claims.

II.     REPORT:

A.     *Procedural Background*

Petitioner Ronald Lee Moore is a state prisoner, currently confined at the Lakeland Correctional Facility in Coldwater, Michigan. Petitioner is serving concurrent sentences of 10-15 years' and life imprisonment sentences imposed as a result of his 1982 convictions for first degree criminal sexual conduct and first degree murder. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted of first degree criminal sexual conduct and first degree murder on October 29, 1982. He was sentenced on November 9, 1982.

- Petitioner appealed to the Michigan Court of Appeals. The court of appeals affirmed his conviction and sentence on September 24, 1984. It does not appear that petitioner filed an application for leave to appeal in the Michigan Supreme Court.

- On November 22, 1993, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on March 23, 1994.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on July 29, 1994. *See People v. Moore*, No. 174407 (Mich. Ct. App. July 29, 1994).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on March 31, 1995. *See People v. Moore*, 448 Mich. 897, 533 N.W.2d 316 (1995).

On May 9, 2008, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner contends that his conviction was based on unreliable scientific evidence and that his appellate counsel rendered constitutionally ineffective assistance. Contemporaneously with his habeas application, petitioner filed a motion for equitable tolling of the limitations period. Respondent filed a motion for summary judgment on November 17, 2008, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on January 12, 2009. For the reasons that follow, the Court should deny both respondent's motion to dismiss and petitioner's motion for equitable tolling.

B.      *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for

---

[1]Although petitioner's application is file-stamped May 15, 2008, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated May 9, 2008. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on May 15, 2008.

2

habeas petitions.  Specifically, the statute as amended by the AEDPA provides:

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>    (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run.  Petitioner does not argue that any of the provisions of subparagraphs (B) through (D) are applicable.  Under the ordinary starting provision of subparagraph (A), petitioner's application is untimely.  Under subparagraph (A) of § 2244(d),

>    a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
>    In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*,

---

[2] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6.  Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Petitioner's conviction became final some time in 1982, well prior to the April 24, 1996, enactment of the AEDPA limitations provision. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his application until May 9, 2008, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed and completed prior to the adoption of the AEDPA. During the one-year grace period, there was no post-conviction motion pending in the state courts. Thus, under the statute petitioner's habeas application is untimely.

C.     *Equitable Tolling*

Petitioner does not contest the foregoing calculation of the limitations period. Rather, petitioner contends that the Court should reach the merits of his claims because he is entitled to equitable tolling based on his physical and mental impairments. Specifically, petitioner contends that in 1995 he suffered a stroke which left him partially paralyzed and with short term memory loss. He contends that because of his illness his personal property was misplaced or shipped to his parents and he was confined to a wheelchair and undergoing physical therapy, and therefore he was unable to file his petition in a timely manner.

To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. Diuglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). However, in determining whether summary judgment is appropriate in this habeas proceeding, the Court is bound by the ordinary rules governing summary judgment under Federal Rule of Civil Procedure 56. *See Jackson v. Straub*, 309 F. Supp. 2d 952, 956 (E.D. Mich. 2004) (Lawson, J.); *Harris v. Stegall*, 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001) (Steeh, J.).

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact

5

is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there

must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613. Thus, "a federal district court should not enter summary judgment in a habeas case if the pleadings or papers present a genuine issue of material fact." *Barclay v. Renico*, No. 01-CV-73138-DT, 2002 WL 1303038, at *2 (E.D. Mich. June 6, 2002) (Duggan, J.).

After applying these standards here, the Court should conclude that respondent has failed to meet her initial burden of demonstrating–that is, pointing out to the Court–the absence of a genuine issue of material fact with respect to petitioner's equitable tolling claim. Respondent has wholly failed to address the equitable tolling issue, either in her initial motion or in a reply brief, even though the issue was raised in petitioner's motion for equitable tolling filed at the same time as his application and in petitioner's response to respondent's motion for summary judgment. Although a summary judgment movant has no obligation to produce evidence demonstrating her entitlement to summary judgment, she does "bear[] the initial responsibility of informing the district court of the basis for [her] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [she] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quoting FED. R. CIV. P. 56). Respondent has failed to do so here.

Further, even if respondent has satisfied her initial summary judgment burden, viewing the evidence in the light most favorable to petitioner, there is a genuine issue of material fact with respect to whether petitioner is entitled to equitable tolling of the limitations period. The only evidence bearing on the issue is petitioner's own affidavit (attached to his motion for equitable tolling), in which he avers that he attempted to file his own legal pleadings, but was unable to do so because he suffers from multiple sclerosis and loss of memory, and that he diligently attempted to obtain assistance in filing his habeas action. Petitioner's physical impairments, if sufficiently severe

7

to have prevented him from filing his habeas petition, may provide a legally sufficient basis for equitable tolling of the limitations period. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002); *cf. Gray v. Potter*, 115 Fed. Appx. 891, 894 (7th Cir. 2004) ("A plaintiff whose mental or physical impairment prevents her from complying with the statute of limitations may invoke equitable tolling."). Thus, viewing the facts in the light most favorable to petitioner, there remain genuine issues of material fact with respect to whether petitioner is entitled to equitable tolling.

At the same time, however, petitioner is not entitled to have his motion for equitable tolling granted. Petitioner's motion essentially seeks summary judgment in his favor on the equitable tolling issue. Although petitioner's evidence is sufficient to establish a genuine issue of material fact with respect to whether he is entitled to equitable tolling, it is not sufficiently detailed, nor is it corroborated by any objective evidence, to establish that he is entitled to equitable tolling as a matter of law. Where, as here, "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997); *see also*, *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992). In other words, in such a case the movant "must satisfy both the initial burden of production on the summary judgment motion–by showing that no genuine dispute exists as to any material fact–and the ultimate burden of persuasion on the claim–by showing that it would be entitled to a directed verdict at trial." William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1991). Thus, the Court should deny both respondent's motion for summary judgment and petitioner's motion for equitable tolling.

If the Court accepts this recommendation, the Court should order respondent to file a response

addressing the merits of petitioner's claims. Although a conclusion that genuine issues of material fact remain with respect to the equitable tolling issue leaves the limitations issue unresolved, a resolution of that issue would likely require further extensive proceedings, either through discovery of petitioner's medical records or an evidentiary hearing. Petitioner's application itself, on the contrary, presents only two, relatively straightforward issues. Although a procedural issue such as the statute of limitations should ordinarily be resolved first, the statute of limitations is not jurisdictional, and "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999) (internal citations omitted). In the present case, because of the complexities involved, it appears to be simply easier and more judicially efficient to adjudicate petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *Jones v. Bowersox,* 28 Fed. Appx. 610, 611 (8th Cir. 2002). Accordingly, if the Court accepts this recommendation, the Court should order respondent to file an answer addressing the merits of petitioner's claims. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001) (Tarnow, J.).

D.   *Conclusion*

In view of the foregoing, the Court should conclude that genuine issues of material fact remain with respect to whether petitioner is entitled to equitable tolling of the limitations period, and that neither part is entitled to judgment as a matter of law on that issue. Accordingly, the Court should deny both respondent's motion to dismiss and petitioner's motion for equitable tolling. If the Court agrees with this recommendation, the Court should order respondent to file an answer addressing the merits of petitioner's habeas claims.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 2/5/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 5, 2009.

s/Eddrey Butts
Case Manager