UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MOORE,

        Petitioner(s),    CASE NUMBER: 08-12127
                                    HONORABLE VICTORIA A. ROBERTS

v.

CAROL HOWES,

        Respondent(s).
_____/

**ORDER ADOPTING**
**THE MAGISTRATE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This matter is before the Court on two motions: (1) Petitioner Ronald Moore's ("Moore") "Motion for Equitable Tolling to Allow Petitioner's *Pro Se* Petition for Writ of Habeas Corpus to Proceed Timely" (Doc. #3) and (2) Respondent Carol Howes's ("Howes") "Motion for Summary Judgment." (Doc. #8). These motions were referred to Magistrate Judge Paul Komives pursuant to 28 U.S.C. §636(b)(1)(B) for a Report and Recommendation ("R&R").

On February 5, 2009, Magistrate Komives issued an R&R recommending that the Court DENY both motions and order Howes to file an answer addressing the merits of Moore's habeas petition. The Magistrate says Moore did not present objective evidence to support his argument that he is entitled to equitable tolling as a matter of law. According to the Magistrate, the Court should adjudicate Moore's claims on the merits rather than resolve the issue of whether Moore is entitled to equitable tolling of

1

the limitations period. (Doc. #13).

Moore objects. He submits: (1) a copy of his Disability Chronic Care Clinic Followup Form that shows he was diagnosed with multiple sclerosis ("MS") in 2003; and (2) an Affidavit that says he submitted a request for medical records, but has not received them. Moore asks the Court to deny Howes's motion for summary judgment and grant his motion for equitable tolling of the limitations period.

For the following reasons, the R&R is **ADOPTED**.

## II.  PROCEDURAL HISTORY

On November 9, 1982, Moore was sentenced to life in prison for first degree murder and 10-15 years for third degree criminal sexual conduct. The Michigan Court of Appeals denied his direct appeal on September 24, 1984.

On March 23, 1994, the Oakland County Circuit Court denied his 6.500 motion for relief from judgment. The Michigan Court of Appeals denied Moore's appeal on July 29, 1994. On March 31, 1995, the Michigan Supreme Court denied Moore's application for leave to appeal.

On May 9, 2008 Moore filed a habeas petition. On May 15, 2009, he filed a motion for equitable tolling. Howes filed a motion for summary judgment on November 17, 2008.

## III.  STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for habeas petitions which challenge state-court judgments. *See* 28 U.S.C. §2244(d)(1)(A):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]

Moore concedes that he did not file his habeas petition within the 1-year period of limitation; hence, his request for equitable tolling.

The Court considers five factors to determine if Moore is entitled to equitable tolling: (1) Moore's lack of notice of the filing requirement; (2) Moore's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing his rights; (4) absence of prejudice to Howes; and (5) Moore's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

However, "[t]hese factors are not necessarily comprehensive and they are not relevant in all cases." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)). Indeed, the Supreme Court only requires a petitioner to prove two factors. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (assuming 28 U.S.C. §2244(d) allows for equitable tolling, "[t]o be entitled to equitable tolling, [petitioner] must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller*, 305 F.3d at 495 (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)).

Moore says equitable tolling applies for nine reasons: (1) he did not have notice

4

of the filing requirement; (2) in 1991, he was diagnosed with a disease that caused his memory to deteriorate; (3) he suffers from MS; (4) he was hospitalized in 1995 after suffering a stroke, which left him partially paralyzed and caused him to experience short-term memory loss; (5) the majority of his personal property was either misplaced or shipped to his parents for safe-keeping; (6) he was in the process of preparing his habeas petition when he became ill; (7) he did not have money to hire an attorney; (8) he could not file the papers himself due to his mental and physical condition; and (9) Howes will not be prejudiced if the habeas petition is allowed to proceed.  According to Moore, he was unable to obtain assistance with his habeas petition until early 2008.

In support of his argument, Moore presents an Affidavit that says:

. . .

3. I sought assistance in filing my habeas petition but was unable to retain the assistance of legal counsel because I was indigent.

4. I attempted to file my own legal pleadings, but was unable to do so because I was suffering from MS and loss of memory.

5. On at least two occasions[,] I sought legal assistance from a jailhouse lawyer.

6. I have made every attempt to have my pleadings filed in a timely fashion.

Attached to Moore's objections to the Magistrate's R&R is proof that he was diagnosed with MS.

Howes does not contest Moore's Affidavit nor the arguments he makes in support of his motion for equitable tolling.  Indeed, Howes does not address the equitable tolling issue at all.

While Moore presents sufficient evidence to create a genuine issue of material

5

fact, the Court declines to find that he is entitled to equitable tolling as a matter of law. The only objective evidence Moore presents is a Disability Chronic Care Clinic Followup Form that shows he was diagnosed with MS.

Importantly, whether Moore is entitled to equitable tolling is not an issue the Court needs to decide before reaching the merits of his habeas petition. *See Dunlap*, 250 F.3d at 1004-1006 (one-year period of limitation for habeas petitions operates as a statute of limitations, not a jurisdictional bar).

### V.   CONCLUSION

The Magistrate's R&R is **ADOPTED**. Howes's motion for summary judgment is **DENIED**. She did not meet her initial burden to demonstrate the absence of a genuine issue of material fact regarding the equitable tolling issue. *See Celotex Corp.*, 477 U.S. at 323.

Moore's motion for equitable tolling is **DENIED**. However, Howes must respond to the merits of Moore's habeas petition by **April 6, 2009**. Moore may file a reply by **May 18, 2009**.

                                                  s/Victoria A. Roberts  
                                                  Victoria A. Roberts  
                                                  United States District Judge

Dated: March 17, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record and Ronald Moore by electronic means or U.S. Mail on March 17, 2009.
>
> s/Linda Vertriest  
> Deputy Clerk

6